UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEVIN ALLEN,

                Petitioner,

v.

THE STATE OF NEW YORK,

                Respondent.

**DECISION AND ORDER**

13-CV-00991-JJM

---

        The parties have consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. §636(c) [14].[1] Petitioner Kevin Allen, proceeding *pro se,* filed a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. §2254 on October 1, 2013 [1]. Before me is Allen's motion for a stay and abeyance of the Petition [7]. For the following reasons, the motion is denied, without prejudice.

## BACKGROUND

        Petitioner was convicted by a jury on November 18, 2009 of murder in the second degree and with criminal possession of a weapon in the second and third degrees. Petition [1], p. 1 of 36. As respondent notes, the Petition raises the issues advanced by petitioner on direct appeal. Hillery Opposing Affidavit [11], ¶6. In response to the Petition, Respondent filed its Answer and Memorandum of Law on January 13, 2014 [5, 6]. No reply was filed by petitioner within 30 days thereafter, as permitted by District Judge Richard J. Arcara's October 14, 2013 Decision and Order [4], p. 2 of 3. Instead, on June 24, 2014, petitioner filed a motion for a stay

---

      [1]     Bracketed references are to the CM/ECF docket entries.

and abeyance, explaining that "[t]here have been recent developments in my state case that I feel should be put before the Court of Instance yet to be resolved" [7]. However, his motion does not identify the issues which he seeks to raise in state court.

Respondent filed its opposition to petitioner's motion on March 30, 2015, arguing that it "does not mention what th[e] developments are or what claim or claims he yet intends to pursue in the state courts". Hillery Opposing Affidavit [11], ¶6. It also notes that, at that point, petitioner's stay and abeyance motion had been pending for approximately nine months without petitioner filing any state court motions (id., ¶9).

Petitioner filed a reply to respondent's opposition on April 8, 2015, stating "I am fully cognizant of the fact that I have not moved in the State courts (as of yet) to correct several deficiencies in my case, let alone exhaust those issues before returning to this Court (if necessary) to file an Amended Application". Allen Declaration [13], ¶3. He also claims that he plans to prepare "[a] coram nobis application, a [NY] CPL §440.10 application, and a proposed Amended Habeas Application" (id., ¶8), and asks "that this court give me 45 days to complete all these applications and submit them . . .in the proper manner"(id., ¶15).

The parties' consent to proceed before a magistrate judge was signed by Judge Arcara on July 8, 2015, and the case was assigned to me at that time [14]. No other motions or applications have been filed by petitioner.

## ANALYSIS

Under Rhines v. Weber, 544 U.S. 269, 277-78 (2005), the court may stay habeas proceedings and hold a petition in abeyance to permit a petitioner the opportunity to exhaust

previously unexhausted claims.[2] This relief is appropriate "where (1) the petitioner had good cause for his failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Jenkins v. Lee, 2014 WL 5861987, *24 (S.D.N.Y. 2014) *citing* Rhines, 544 U.S. at 278.

Lacking any detail, petitioner's motion does not permit me to perform this inquiry. While petitioner appears to acknowledge in his reply that his motion for a stay and abeyance is deficient and indicated that he would be filing an amended motion within 45 days, to date nothing as been filed.

## CONCLUSION

For these reasons, petitioner's motion for a stay and abeyance [7] is denied, without prejudice to renewal at a later date.

**SO ORDERED.**

Dated: September 8, 2015

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[2] "It remains an open question in this Circuit whether Rhines . . . appl[ies] to petitions containing only exhausted claims. . . . In this Circuit, courts have recently allowed petitioners seeking a stay to first move to amend their petitions to add the claims that they seek to exhaust, before renewing their stay motions." McNeil v. Capra, 2015 WL 4719697, *6 (S.D.N.Y. 2015).